**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

ERICK T. MOORE,

   Plaintiff - Appellant,

 v.

PATRICK R. DONAHOE, Postmaster
General,[**]

   Defendant - Appellee.

No. 10-35976

D.C. No. 3:09-cv-00746-AC

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Oregon
John V. Acosta, Magistrate Judge, Presiding

Argued and Submitted November 15, 2011
Portland, Oregon

Before: FISHER, PAEZ, and CLIFTON, Circuit Judges.

 Erick T. Moore ("Moore") appeals the district court's order granting

summary judgment to Patrick R. Donahoe, Postmaster General of the United States

---

 [*] This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

 [**] Patrick R. Donahoe is substituted for John E. Potter pursuant to FED.
R. APP. P. 43(c)(2).

Postal Service ("USPS"), on Moore's claims for race discrimination and a hostile work environment, in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.* ("Title VII"). We affirm.

The district court did not abuse its discretion by excluding evidence of other USPS employees' observations regarding race discrimination. In accordance with *Sprint/United Management Co. v. Mendelsohn*, 552 U.S. 379, 388 (2008), the district court conducted a thorough, fact-intensive inquiry under Federal Rule of Evidence 401 before determining that the majority of the evidence was not relevant to Moore's claims. The evidence was properly excluded because the USPS employees were not similarly situated individuals. *See Vasquez v. Cnty. of Los Angeles*, 349 F.3d 634, 641 (9th Cir. 2003). None of the USPS employees reported to Moore's supervisors, discussed the 204B acting supervisor application process, or made 204B acting supervisor assignments during or near the summer of 2008. Thus, there was no error.

Even assuming Moore established a *prima facie* case of race discrimination under Title VII, the USPS rebutted the presumption of discrimination by articulating a legitimate, nondiscriminatory reason for its failure to provide Moore with an opportunity to serve as a 204B acting supervisor in July or August 2008. *See Hawn v. Exec. Jet Mgmt., Inc.*, 615 F.3d 1151, 1155-56 (9th Cir. 2010). The

USPS contends that it did not offer Moore a 204B acting supervisor assignment during this period because he failed to request such an assignment. Irrespective of whether this is factually accurate, there is no evidence that the USPS did not honestly believe its proffered reason. *See Villiarimo v. Aloha Island Air, Inc.*, 281 F.3d 1054, 1062-63 (9th Cir. 2002). Indeed, the record reflects that Moore's supervisors were unaware of his interest in a 204B acting supervisor assignment during the relevant period.

Moore has failed to present a triable issue through either direct or circumstantial evidence that the USPS's explanation was pretextual. *Noyes v. Kelly Servs.*, 488 F.3d 1163, 1170 (9th Cir. 2007). His conclusory allegations that his supervisors conspired to prevent him from serving as a 204B acting supervisor as a result of his outspokenness regarding alleged systemic race discrimination at the USPS were insufficient to defeat the USPS's motion for summary judgment. The USPS was therefore entitled to summary judgment on Moore's Title VII race discrimination claim.

We also agree with the district court that, viewing the evidence in the light most favorable to Moore, the incidents enumerated by Moore – that he was temporarily designated to a work assignment that he perceived to be less desirable and more physically demanding, reprimanded for conversing with African-

American co-workers, and restricted from storing clothing or consuming food or beverages on the workroom floor – were not sufficiently severe or pervasive to alter the conditions of his employment. *See Surrell v. Cal. Water Serv. Co.*, 518 F.3d 1097, 1108 (9th Cir. 2008). Accordingly, the district court did not err in granting summary judgment to the USPS on Moore's hostile work environment claim under Title VII.

**AFFIRMED.**